Electronically Filed
Kahalah A. Clay
Circuit Clerk
MYRTLE SHANNON
19L0813
St. Clair County
11/20/2019 10:36 AM
7437837

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

DOMINION SADLER, on behalf of )
Himself, and others similarly situated, )
                                        )
       Plaintiff,                        )
                                        )
v.                                      )    Case No. 19L0813
                                        )
D.W. MERTZKE EXCAVATING & )
TRUCKING, INC.,                  )
                                        )
       Defendant.           )

## CLASS ACTION COMPLAINT

COMES NOW, Dominion Sadler, by and through his attorneys, Cates Mahoney, LLC and Flynn, Guymon and Garavalia, and for his Class Action Complaint against D.W. Mertzke Excavating & Trucking, Inc., states as follows:

### PARTIES

1. At all times relevant herein, Plaintiff was a resident of St. Louis, Missouri.

2. At all times relevant herein, Defendant, D.W. Mertzke Excavating & Trucking, Inc., was an Illinois corporation, with its principal place of business at 7401 Bunkum Road, East St. Louis, Illinois, 62204.

### JURISDICTION AND VENUE

3. Jurisdiction exists pursuant to 735 ILCS 5/2-209 §§ (a)(1) as Plaintiff's claims arise from business transacted in the State of Illinois, (a)(2) as Defendant has committed tortious acts in Illinois, (a)(7) as Defendant routinely contracts with persons residing in the State of Illinois, (b)(3) is a corporation organized under the laws of this State and (b)(4) as Defendant is doing routine and substantial business in the State of Illinois.

**EXHIBIT 1**

4. Venue is proper in the Circuit Court of the Twentieth Judicial Circuit in St. Clair County, Illinois under the Illinois Code of Civil Procedure, 735 ILCS 5/2-101 and 5/2-102 as Defendant is a resident of St. Clair County, some or part of the occurrence giving rise to this action occurred in St. Clair County, and tortious acts were committed in St. Clair County.

## FACTS COMMON TO ALL COUNTS

5. At all times relevant herein, Defendant employed individuals to work as truck drivers, including Plaintiff, who would be tasked with driving trucks owned by the Defendant.

6. Plaintiff was hired on or about May 5, 2018, and continues to be employed by Defendant.

7. The practices described herein began on that date and have continued since then.

8. Upon information and belief, approximately 20 individuals are currently so employed.

9. Part of the duties of the drivers was to pick up the trucks from the Defendant's place of business and drive them to various locations for work-related purposes.

10. Typically, the time at which Plaintiff and other truck drivers were to report to a location with a truck would be determined by Defendant.

11. In order to arrive at that time, Plaintiff and other truck drivers would be forced to arrive at Defendant's premises to pick up the truck, inspect it for safety and operation, and then drive the truck to the location designated by the Defendant.

12. Plaintiff, and upon information and belief, all other truck drivers, was not paid for the time spent at Defendant's lot inspecting the truck nor driving it to the location of the designated work.

13. At the end of Plaintiff's shift, Plaintiff would typically be required to go empty and clean the truck, and then return it to Defendant's premises and perform another inspection.

14. Plaintiff, and upon information and belief, all other truck drivers, would not be paid for the time spent after leaving the location designated by Defendant and would not be paid for the time driving the truck back to Defendant's premises nor cleaning or inspecting it while there.

15. Plaintiff would also not be allowed any meal period during his shifts.

16. Plaintiff would, in a typical week, spend 8-10 hours of time performing work for Defendant which was not compensated.

17. Illinois requires employees to be compensated for all time in which they are engaging in tasks directed by their employer or engaging in tasks for the benefit of the employer.

18. The actions described above, for which Plaintiff was not paid, were acts in furtherance of his employment done at the request of his employer and for his employer's benefit.

## COUNT I

### (Violation of the Illinois Minimum Wage Law)
### (820 ILCS 105/1, *et seq.*)

19. Plaintiff realleges and reincorporates paragraphs 1-18 above as if fully set forth herein.

20. Defendant is an employer as defined at 820 ILCS 105/3.

21. Plaintiff is an employee as defined at 820 ILCS 105/3.

22. Plaintiff's work is compensable as "overtime" as defined in 820 ILCS 105/4a.

23. Plaintiff and others similarly situated routinely worked over 40 hours a week and were not compensated as required by the Illinois Minimum Wage Law.

24. As such, Plaintiff and the class he seeks to represent are entitled to bring this civil action and recover treble the amount deserved, in addition to Court costs and attorneys' fees.

## COUNT II
### (Violation of Illinois Wage Payment and Collection Act)
### (820 ILCS 115/1, *et seq.*)

25. Plaintiff realleges and reincorporates paragraphs 1-18 above as if fully set forth herein.

26. Defendant is an employer as defined at 820 ILCS 115/1, *et seq.*

27. Plaintiff is an employee as defined at 820 ILCS 115/1, *et seq.*

28. The Illinois Wage Payment and Collection Act requires employers to pay employees all wages earned during each semi-monthly period.

29. Defendant has failed to pay Plaintiff wages that were earned during each semi-monthly period beginning May 5, 2018.

30. Upon information and belief, Defendant has failed to pay other class members wages earned during each semi-monthly period for at least that time frame, if not longer.

31. The Illinois Wage Payment and Collection Act specifically authorizes a civil action to recover unpaid wages, in addition to all costs and attorneys' fees.

## CLASS ACTION ALLEGATIONS

32. Pursuant to 735 ILCS 5/2-801 et seq., Plaintiff on behalf of himself and all others similarly situated, seeks to represent the following class:

> Those individuals who were employed by the Defendant since May 5, 2018.
>
> Excluded from the Class are: 1) Any officer or directors of Defendant; 2) Plaintiff's Counsel; and 3) the Judge of the Court and any court personnel to which this case is assigned.

33. Plaintiff further states that the requirements of 735 ILCS 5/2-801 have been met, in that:

a. The members of the class are so numerous that joinder of all members is impracticable. The class encompasses a multitude of individuals who worked for the Defendant, which upon information and belief is at least 20 individuals.

b. Common questions of law and fact predominate over any questions affecting only individual members of the Class. Such common questions include, but are not limited to:

   (1) Whether the Defendant miscategorized time as uncompensable; and/or
   (2) Whether the Defendant required individuals to work "off the clock"; and/or
   (3) Whether the Defendant allowed for required meal and break period; and/or
   (4) Whether the Defendant paid its employees as required under Illinois law,

c. Plaintiff is a member of the Class and will fairly and adequately assert, represent and protect the interests of the Class. The interest of Plaintiff is coincident with, and not antagonistic to, those of the other members of the Class. Plaintiff has retained attorneys who are experienced in class action litigation.

d. The prosecution of separate actions by individual members of the Class could lead to inconsistent or varying adjudications with respect to individual members of the Class and could substantially impair or impede the ability of other Class members to protect their interests.

e. The class action vehicle is the most appropriate and superior form for the fair and efficient adjudication of this claim, given that:

   (1) Common questions of law or fact predominate over any individual questions that may arise, such that there would be enormous economies to the courts and the parties in litigating the common issues on a class-wide instead of a repetitive individual basis;

 (2) Class Members' individual damage claims are too small to make individual litigation an economically viable alternative;

 (3) Class treatment is required for optimal deterrence and compensation and for limiting legal expenses incurred by Class Members;

 (4) Despite the relatively small size of individual Class Members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a cost-effective basis, especially when compared with repetitive individual litigation;

 (5) No unusual difficulties are likely to be encountered in management of this action as a class action in that all questions of law or fact to be litigated at the liability stage are common to the Class; and,

 (6) Class certification is fair and efficient because prosecution of separate actions would create a risk of adjudications with respect to individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or may substantially impair or impede their ability to protect their interests.

WHEREFORE, Plaintiff, Dominion Sadler, prays for an Order of this Court as follows:

 A. For an award of statutory compensatory damages for Plaintiff's individual claim related to Defendant's non-payment of earned wages; and,

 B. For an award of punitive damages for Plaintiff's individual claim; and,

 C. On behalf of the Class, for statutory compensatory damages and punitive damages; and,

 D. For injunctive relief against Defendant; and,

 E. On behalf of the Class, for attorney's fees and costs incurred as a result of the filing of this cause of action; and,

 F. For such other relief as this Court deems just under the circumstances.

Respectfully submitted,

By: \_\_\_/s/David Cates_____
    David Cates, #6289198
    **CATES MAHONEY, LLC**
    216 West Pointe Drive, Suite A
    Swansea, IL 62226
    Telephone:    618-277-3644
    Facsimile:    618-277-7882
    E-Mail:    dcates@cateslaw.com

-and-

Michael J. Garavalia, #6286212
Flynn, Guymon & Garavalia
300 West Main Street
Belleville, IL 62220
Telephone: 618-233-0480
Facsimile: 618-233-0601
E-Mail: mgaravalia@flynnguymon.com