**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | |
|---|---|
| DOMINION SADLER, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:19-cv-01339 |
| ) | |
| D.W. MERTZKE EXCAVATING ) | |
| & TRUCKING, INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

COME NOW Defendant D.W. Mertzke Excavating & Trucking, Inc. ("Mertzke"), by and through its undersigned counsel, and for its Motion to Dismiss Plaintiff's Complaint in the above-captioned cause of action, states as follows:

A.  Overview of Plaintiff's Complaint

Plaintiff's Complaint alleges two causes of action: Count I seeking overtime compensation under the Illinois Minimum Wage Law ("IMWA"), 820 ILCS 105/1 *et seq.*, and Count II under the Illinois Wage Payment and Collections Act ("IWPCA"), 820 ILCS 115/1 *et seq.*

Specifically, Plaintiff alleges that Defendant employed him as a truck driver. Comp. at ¶ 5. Plaintiff alleges that Defendant required him to perform certain pre- and post- driving duties without compensation (i.e. safety inspection, empty and clean the truck, perform a post-trip inspection, etc.). *Id.* at ¶ 11-14. Plaintiff also alleges that he was not allowed any meal periods during his shifts. *Id.* at

¶ 15.[1]  Based on these allegations, Plaintiff contends that Defendant violated the IMWA by failing to pay him overtime compensation.[2]

In support of his claim under the IWPCA, Plaintiff also alleges that Defendant failed to pay him all wages earned during each semi-monthly period. *Id*. at ¶ 28.

Plaintiff brings his claim individually and on behalf of the approximately twenty (20) other truck drivers that worked for Defendant during his proposed class period. *Id*. at ¶ 33.

### B. Legal standard for a Motion to Dismiss

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of the complaint. When considering a Rule 12(b)(6) motion, the Court must assume the factual allegations of the complaint to be true and construe them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); Corbier v. Watson, 16-cv-257-SMY-SCW, 2018 WL 4815391 at * 2 (S.D. Il. 2018). To survive dismissal, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

---

[1] The One Day Rest in Seven Act ("ODRA") requires employers to permit employees who are to work 7 ½ continuous hours or more to take a meal period of at least 20 minutes. 820 ILCS 140/3. Although Plaintiff does not explicitly allege a violation of the OPDA, Defendant notes that this statute does not permit an employee to bring a private cause of action. *Sawyer v. Vivint, Inc.*, 2015 WL 3420615 at * 4 (N.D. Il. 2015)(dismissing plaintiff's ODRA claim because it does not create a private right of action; rather, the Illinois Department of Labor is charged with enforcing its provisions and prosecuting all violations thereof); *Jones v. Casey's General Stores*, 538 F.Supp.2d 1094, 1104 (S.D Iowa 2008)(same).

[2] Defendant notes that Plaintiff's job duties as a dump truck driver make him exempt from overtime compensation pursuant to 820 ILCS 105/3(d)(7).

Although it need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. However, a plaintiff may not unlock the doors of discovery if their complaint contains nothing more than conclusions. *Ashcroft*, 556 U.S. at 678-79.

    C.    <u>Legal argument: Count I of Plaintiff's Complaint fails to state a claim upon which relief can be granted for overtime compensation under the FLSA because it does not include any factual detail that he worked in excess of forty hours in a specific workweek</u>

In order to state a claim under the FLSA for failure to pay overtime, courts generally require a plaintiff to plead some details beyond a bare allegation that he or she worked more than 40 hours without premium pay. *Hughes v. Scarlett's G.P., Inc.*, 2016 WL 4179153 at * 2 (N.D. Il. 2016). While a plaintiff need not plead infinitesimal details to render FLSA claims plausible or provide defendants fair notice of the claims against them, he or she must still provide some specific facts to ground those legal claims. *Brown v. Club Assist Rd. Serv. U.S., Inc.*, 2013 WL 5304100, at *6 (N.D. Ill. Sept. 19, 2013).

Thus, to state a claim for failure to pay overtime, a plaintiff must sufficiently allege forty hours of work in a given workweek as well as some uncompensated time in excess of forty hours. *Parks v. Speedy Title & Appraisal Review Servs.*, 318 F.Supp.3d 1053, 1069 (N.D. Ill. 2018); Bland v. Edward D. Jones & Co., L.P., 375 F.Supp.3d 962 (N.D. Il. 2019)(granting motion to dismiss FLSA claim where plaintiffs failed to provide at least one example of a pay period in which their pay was insufficient given the number of hours they worked).

Similarly, Plaintiff's Complaint fails to allege that the purportedly compensated work occurred in any workweek in which he worked more than forty hours per week. Indeed, Plaintiff's Complaint does not include any detail whatsoever about (i) how he was paid (i.e. hourly, salary,

3

commission, etc.), or (ii) his standard working days or hours. Rather, Plaintiff's Complaint merely includes a bare allegation that he "worked over 40 hours a week and was not compensated as required by the Illinois Minimum Wage Law." Comp. at ¶ 23. However, this allegation is legally insufficient under *Hughes* and its progeny.

Accordingly, Count I of Plaintiff's Complaint fails to state a plausible claim for uncompensated overtime compensation, and must be dismissed for failure to state a claim upon which relief can be granted.

> D. <u>Legal argument: Count II of Plaintiff's Complaint fails to state a claim upon which relief can be granted under the IWPCA because it fails to allege any employment contract or agreement with Defendant that required payment of an overtime premium</u>

The IWPCA requires an employer to "pay every employee all wages earned during the semi-monthly pay period," 820 ILCS 115/3, with "wages" defined as "any compensation owed . . . pursuant to an employment contract or agreement between the two parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." 820 ILCS 115/2. Thus, the IWPCA mandates overtime pay only to the extent the parties' contract or agreement requires such pay. *See Hess v. Kanoski & Assocs.,* 668 F.3d 446, 453–54 (7th Cir.2012); *Lopez v. Smurfit–Stone Container Corp.,* No. 02 C 7347, 2003 WL 297533, at *3 (N.D.Ill.Feb.10, 2003) (Kennelly, J.)("The IWPCA [does] not create ... entitlement to overtime wages. In fact, the Seventh Circuit has stated that the IWPCA merely requires that the employer honor his contract.").

Thus, in *Silver v. Townstone Financial. Inc.*, 2015 WL 1259507 (N.D. Il. 2015) the Court granted the defendant's motion to dismiss the plaintiff's IWPCA claim where his complaint did not allege the existence of an employment contract or agreement, explicit or implicit, entitling him to overtime pay for overtime hours worked. Further, the *Silver* court held that the plaintiff's at-

will employment status alone did not suffice; rather, in order to state a claim he was required to adequately allege the existence of a contract or agreement that specifically gives him a right to the wages he seeks. *Brown v. Lululemon Athletica, Inc.,* No. 10 C 05672, 2011 WL 741254, at *2–3 (N.D. Il. Feb. 24, 2011)(the inference that an employment agreement existed between the parties is distinct from the inference that the agreement contained any particular term). Thus, because the complaint in *Silver* failed to include any allegation that overtime pay for overtime hours worked was an aspect of the employment relationship, the motion to dismiss was granted. See also *Stark v. PPM Am., Inc.,* 354 F.3d 666, 672 (7th Cir.2004) (rejecting an IWPCA claim for bonus pay where the employee "has no employment contract setting out the terms of his bonus"); *Palmer v. Great Dane Trailers,* No. 05 C 1410, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005)("Because [the employer] did not breach any contractual obligation to pay overtime, no IWPCA claim exists.").

Similarly, Plaintiff's Complaint entirely fails to allege any employment contract or agreement with Defendant that required payment of an overtime premium. To the contrary, Defendant failed to pay Plaintiff any overtime compensation because he is classified as exempt from overtime under the Motor Carrier Act exemption to overtime pay based on his duties as a dump truck driver.

Accordingly, Count II of Plaintiff's Complaint fails to state a plausible claim under the IWPCA, and must be dismissed for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant D.W. Mertzke, Inc. respectfully requests the Court to grant its Motion to Dismiss Plaintiff's Complaint in its entirety, to dismiss the specified claims with prejudice, for an award of costs in its favor, and for such other and further relief as the Court deems just and appropriate.

McCARTHY, LEONARD, KAEMMERER, L.C.

By: /s/ Brian E. McGovern
Brian E. McGovern, #6271815 (IL)
bmcgovern@mlklaw.com
825 Maryville Centre Dr., Ste. 300
St. Louis, Missouri 63017
(314) 392-5200
(314) 392-5221 (Fax)

Attorney for Defendant

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 3rd day of January, 2020, the foregoing was filed electronically with the Clerk of Court, therefore to be served electronically by operation of the Court's electronic filing system upon the parties.

/s/ Brian E. McGovern