# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINION SADLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19-CV-1339-SMY |
| | ) |
| D.W. MERTZKE EXCAVATING & TRUCKING, INC., | ) ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Dominion Sadler works as a truck driver for Defendant D.W. Mertzke Excavating & Trucking, Inc. ("Mertzke"). His duties include picking up trucks from Defendant's lots, driving them to work locations, returning them to Defendant's lot at the end of the workday, and cleaning and inspecting them. These duties took 8 to 10 hours per week to complete. In this purported class action, Sadler alleges that he and others similarly situated are not compensated for the time spent on these duties, nor are they allowed meal breaks, in violation of Illinois' Minimum Wage Law ("IMWL"), 820 ILL. COMP. STAT. § 105/1, *et seq.* (Count I) and Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILL. COMP. STAT. § 115/1, *et seq.* (Count II).

Defendant removed the case from state court based on this Court's diversity jurisdiction (Doc. 1). Pending before the Court are Defendant's Motion to Dismiss (Doc. 8) and Motion for Leave to File Counterclaim (Doc. 19). For the following reasons, the Motion to Dismiss is **GRANTED in part and DENIED in part** and the Motion for Leave to File is **TERMINATED** as **MOOT**.

When considering a Rule 12(b)(6) motion to dismiss, the Court accepts all allegations in the Complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The federal system of notice pleading requires only that a plaintiff provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the allegations must be "more than labels and conclusions." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). This requirement is satisfied if the Complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Twombly*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

Mertzke first argues that Sadler fails to state facts to sufficiently allege that he worked in excess of 40 hours a week without overtime, as required by the IMWL (and its Federal equivalent, the Fair Labor Standards Act, 29 U.S.C. § 207). The IMWL provides that an employer shall pay overtime wages for hours worked in excess of 40 hours a week at a rate no less than 1 1/2 times the regular rate. 820 ILL. COMP. STAT. § 105/4a. In his Complaint, Sadler alleges that from May 5, 2018 to the present, he "routinely worked over 40 hours a week" without being compensated in accordance with the statute (Doc. 1-1, p. 3). Citing various non-precedential district court cases, Mertzke argues that Sadler must allege, among other things, "how many hours [he] worked in a week (and whether or not this was over forty hours) or how many overtime hours [he] worked without being paid the proper salary" in order for the defendant to be on notice of the claim against it. *Park v. Speedy Title & Appraisal Review Services*, 318 F.Supp.3d 1053, 1069 (N.D. Ill. 2018).

Mertzke is not entitled to the level of detail it seeks at this stage of the proceedings. In order to state a plausible claim, Sadler need only provide sufficient notice to enable it to begin to investigate and prepare a defense. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1085 (7th Cir. 2008). Sadler alleges that he worked over 40 hours a week and was not given overtime compensation while employed by Mertzke. This is sufficient to place Mertzke on notice of the claim against it.

Mertzke next argues that Sadler fails to state a claim in Count II because he fails to allege an employment contract or agreement that would have required it to pay an "overtime premium" pursuant to the IWPCA. The IWPCA provides that "[e]very employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period." 820 Ill. Comp. Stat. § 115/3. The Act defines wages as "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the 2 parties, whether the amount is determined on a time, task, piece, or any other basis of calculation." *Id*. § 115/2. In order to prevail on a claim under the IWPCA, plaintiffs must "demonstrate that they are owed compensation from defendants pursuant to an employment agreement." *Enger v. Chicago Carriage Cab Corp.*, 812 F.3d 565, 568-9 (7th Cir. 2016).

Sadler alleges that Mertzke failed to pay semi-monthly wages from May 5, 2018 to the present. In his response to the Motion to Dismiss, Sadler asserts that he is not claiming he was not paid overtime wages under the IWPCA, but rather that he was "not compensated [his] hourly rate for tasks [ ] performed in furtherance of" Mertzke's business. Sadler's argument is curious given that the gist of his Complaint is that he was not paid overtime for work inspecting, cleaning, and driving to and from worksites. In any event, there is no allegation in the Complaint that Sadler is a party to an employment contract or agreement such that the IWPCA would apply to his claim for wages.

With respect to Mertzke's motion seeking leave to file a counterclaim, Federal Rule of Civil Procedure 13 provides that certain counterclaims must be filed in a party's pleading. Mertzke's answer, however, is not due until 14 days after the date of this Order. As such, it does not need the Court's permission to file a counterclaim; it should simply include it in its answer.

Accordingly, Defendant's Motion to Dismiss (Doc. 8) is **GRANTED in part and DENIED in part**; Count II of the Complaint is **DISMISSED without prejudice**. Defendant's Motion for Leave to File Counterclaim (Doc. 19) is **TERMINATED** as **MOOT**.

**IT IS SO ORDERED.**

**DATED: April 6, 2020**

**STACI M. YANDLE**
**United States District Judge**